ROXIE PRICER, Appellant, v. J. H. MEISTERS et al., Appellees.

ATTACHMENT: Evidence of Malice. Threats that the creditor had, prior to the attachment, threatened to have the debtor "blackballed," and to cause him to lose his position, are admissible on the issue of malice.

ATTACHMENT: Disclosures to Counsel. Whether the disclosures which an attaching creditor made to his counsel, and the counsel's advice thereon, constitute a complete defense to a plea of wrongful attachment, may not be determined, on appeal, in the absence of any showing as to what disclosures were made.

*Appeal from Des Moines Municipal Court.—J. E. MERSHON,*
Judge.

NOVEMBER 22, 1918.

Trrs case was brought as an action on account, aided
by attachment. The defendant, by answer, admitted the ac-
count, and filed a counterclaim for damages for wrongful
issuance of the attachment. The amount of the account was
for about $150. The jury rendered a general verdict for the
defendant, which was the equivalent of allowing the defend-
ant, as damages, the full amount of the account against
him. Judgment being entered on the verdict, the plaintiff
has appealed.—*Affirmed.*

*Missildine & Missildine,* for appellant.

*Chester J. Eller,* for appellees.

EVANS, J.—The grounds of the attachment were that
the defendant had disposed of, or was about to dispose of,
his property, with intent to defraud his creditors. Under

the evidence, the jury was warranted in
1. ATTACHMENT: finding that there was no basis whatever
evidence of
malice. for such grounds of attachment, nor rea-
sonable cause to believe the same. The jury made special
findings that the attachment was not only wrongfully sued
out, but that it was done maliciously.

It is urged by appellant that there is no support in the
evidence for this latter finding. One Quick was the real
party in interest, as plaintiff. The account sued on ac-
crued in his favor. As a matter of convenience, he assigned
it to his daughter, Roxie Pricer, and he continued in full
charge of the collection, ostensibly acting as agent for his
daughter. The defendant was delinquent in the payment of
the account, and Quick had a right to be diligent in the col-
lection thereof. It appears, however, that, through a collec-

tion agency, he caused letters to be written to the defendant, demanding payment of the account, on penalty of being "blackballed," and threatening that plaintiff would cause him to lose his employment, in the event of his failure to pay. Pursuant to these threats, the writ of attachment was sued out.

Appellant complains, also, of the admission of that line of testimony, and urges that it was not receivable as evidence of malice. We see no reason for saying that it was not evidence of malice, in a legal sense; and being such, it was admissible. It tended to show a set purpose to injure the defendant. There being evidence of actual malice, exemplary damages were proper. We cannot say, upon this record, that the amount allowed was excessive. The statutory grounds of attachment are intended as a remedy, and must be verified with honesty and good faith by the creditor. They are not intended to invite false verification, or to become a mere club of duress against an innocent debtor. Only exemplary damages against an offending plaintiff will compel respect for the sanctity of the statute, and prevent abuse of the power conferred by it. The record herein discloses very little reason why the plaintiff should have alleged and verified the grounds of attachment set forth in his petition.

It appeared for the plaintiff that he conferred with his counsel, and was advised by his counsel that he had good grounds of attachment. He urges, therefore, that this was a complete defense. The trial court

2. ATTACHMENT: disclosures to counsel.

fairly submitted this question to the jury. Just what information he communicated to his attorney does not appear. There is nothing in this defense which takes the question away from the jury. It rested with the jury to say, under the evidence, whether the disclosure made by the plaintiff to his counsel was full and fair, and whether the plaintiff, in good faith, believed

the same. The jury necessarily found against the plaintiff at this point, also. We find no ground for interference with the judgment below, and it is, accordingly,—*Affirmed.*

PRESTON, C. J., LADD and SALINGER, JJ., concur.